# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 13** |
| | ) | |
| **Wanda Marie Williams,** | ) | |
| | ) | **Bankruptcy Case No.: 20 B 10324** |
| | ) | **Honorable Donald R. Cassling** |
| **Debtor.** | ) | |

## CERTIFICATE OF SERVICE

I, Adam Cox, Courtroom Deputy to the Honorable Donald R. Cassling, certify that on or before October 16, 2020, caused copies of the foregoing **ORDER SUSTAINING DEBTOR'S OBJECTION TO CLAIM #9 OF U.S. BANK** dated October 15, 2020, served on the parties listed below via U.S. Mail (\*\*\*) or electronically via the Court's electronic notification system to:

*(Debtor)*
**Wanda Marie Williams (\*\*\*)**
10129 S Indiana
Chicago, IL 60628

*(Counsel for U.S. Bank, NA)*
**James Major**
Randall S. Miller & Associates, LLC
120 N. LaSalle Street
Ste 1140
Chicago, IL 60602
jmajor@rsmalaw.com

*(Trustee)*
**Tom Vaughn**
55 E. Monroe Street, Suite 3850
Chicago, IL 60603
ecf@tvch13.net, ecfchi@gmail.com

*(U.S. Trustee)*
**Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
USTPRegion11.ES.ECF@usdoj.gov

                                          /s/ Adam Cox
                                          Adam Cox
                                          Courtroom Deputy

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 20 B 10324 |
| WANDA MARIE WILLIAMS, ) | Chapter 13 |
| ) | Judge Donald R. Cassling |
| Debtor. ) | |

## ORDER SUSTAINING DEBTOR'S OBJECTION TO CLAIM NO. 9

Making legal decisions based on incorrect assumptions about the law is a significant risk for pro se debtors. The pro se Debtor in this case correctly assumed that she could avoid having to pay her mortgage loan through her Chapter 13 plan if she objected to the defective proof of claim filed by the current assignee of that mortgage loan. But she incorrectly assumed that, if she were to avoid paying her mortgage loan through her Chapter 13 plan, she would never be required to pay it at all. That assumption was wrong as a matter of law. In accordance with the Supreme Court's decision in *Dewsnup v. Timm*, 502 U.S. 410, 418 (1992), the mortgage lien against her home should pass through bankruptcy unaffected, even if the mortgagee had never bothered to file a proof of claim at all. Moreover, Debtor admitted under oath in her bankruptcy schedules that the lien on her home is valid. Unless Debtor can show in a state-court foreclosure suit that her sworn statements in this Court were incorrect and that the lien itself is invalid, the lawful holder of the mortgage debt should ultimately be able to foreclose upon its lien in state court.

The Court doubts that Debtor really intends that result, but if she does, then the Court's task is complete with the issuance of this order sustaining Debtor's objection to the proof of claim that the mortgagee filed in this case. But if Debtor concludes that she does want to treat the mortgagee's claim in her Chapter 13 plan, the Court will give her time to move for leave to file a

claim on the creditor's behalf. If granted, that motion would enable Debtor to include the mortgage debt in her Chapter 13 plan, an outcome which may well be in both parties' best interests.

**BACKGROUND**

On May 1, 2020, Debtor filed her petition for relief under Chapter 13. In her amended Schedule A/B, Debtor listed her home in Chicago (the "Residence") as one of her assets. In Schedule D, she admitted under oath that she owed $108,344.41 to J.P. Morgan Mortgage Acquisition as a secured loan.[1]

The Note and Mortgage on the Residence have gone through several assignments. As of the date of this opinion, U.S. Bank, N.A. appears to hold them in its capacity as Legal Title Trustee for Truman 2016 SC6 Title Trust. On July 10, 2020, U.S. Bank filed Claim No. 9, which is the target of Debtor's objection. In that Claim, U.S. Bank stated that it was then the lawful owner of the Note and Mortgage.[2] As discussed below, this statement was not true when made, because the assignment to U.S. Bank did not occur until July 27, 2020. U.S. Bank attempted to cure this defect in an amended Claim it filed on July 29, 2020.

Debtor's first plan proposed curing the arrearage and maintaining her obligations to J.P. Morgan, the original mortgagee, going forward. (Dkt. No. 10.) On May 11, 2020, Debtor filed an amended plan, which eliminated any payments to J.P. Morgan. (Dkt. No. 15.) In explaining this change, she did not argue that the Note had been paid off. Instead, she stated in the section for special terms that she amended her plan in response to a form letter she received from Rushmore Loan Management Services LLC informing her that the Mortgage had been transferred to U.S.

---

[1] She also swore that her home was only worth $73,000, so that J.P. Morgan held a secured claim in that amount and an unsecured claim for the remainder, $35,344.41.

[2] U.S. Bank stated in Claim No. 9 that the $107,260.41 mortgage debt was fully secured.

Bank.³ (*See* Debtor's Mot. Ex. A, Dkt. No. 16.) After receiving this letter, Debtor filed a series of motions arguing that the assignment was impermissible and that the Note and Mortgage were unenforceable in the hands of U.S. Bank.

On May 26, 2020, U.S. Bank objected to confirmation of Debtor's proposed amended plan (the "Confirmation Objection"). (Dkt. No. 24.) The Confirmation Objection argued that the Plan failed to cure the full arrearage due on the Note. (*Id*. ¶¶ 3-4.) The Confirmation Objection did not address Debtor's arguments that U.S. Bank could not enforce the Note and Mortgage.

Because U.S. Bank's original Claim did not attach documentation showing that it was the lawful assignee of the Note and Mortgage, the Court directed U.S. Bank to provide the Court and Debtor with a complete chain of title. U.S. Bank eventually did so, filing an amended Claim showing that J.P. Morgan did not assign the Note and Mortgage to U.S. Bank until July 27, 2020, despite earlier representations made by U.S. Bank's attorneys to the Court that it was the current holder of the Note and Mortgage when it filed the original Claim on the bar date.

## ANALYSIS

Debtor has raised several arguments in support of her objection, only one of which has merit. Before turning to Debtor's meritorious argument, the Court will first address her other arguments.

First, Debtor argues that U.S. Bank violated the Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 *et seq*., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., when it sent her a form letter a few days after the order for relief, stating that it held the mortgage

---

³ Debtor has filed three additional plans since her first amended plan, most recently on August 7, 2020. (*See* Dkt. No. 66.) That plan states in its special terms that:
    Claim No. 9 – It is not clear who is entitled to receive payments on the mortgage arrears. The Trustee
    <u>will not make any payments</u> towards the arrears <u>until the proper party is determined</u> by the courts.
(*Id*. at p. 7.)

on the Residence and demanding payment for the same. (Debtor's Reply Br., at p. 4, Dkt. No. 69.) Because this argument was not raised until she filed her reply brief, it has been waived. *Hussein v. Oshkosh Motor Truck Co.*, 816 F.2d 348, 360 (7th Cir. 1987) ("A reply brief is for replying, not for raising a new ground [or] challenging [arguments left unchecked] in [the] opening brief."). Debtor's request in her reply brief for sanctions under Bankruptcy Rule 9011 (Debtor's Reply Br., at p. 6) is waived for the same reason.[4]

Second, Debtor argues that U.S. Bank's failure to record the July 27, 2020 assignment invalidates it. (Claim Objection ¶¶ 9-10, Dkt. No. 54.). However, Illinois law does not require that mortgage assignments be recorded for the underlying debt to be enforceable against the mortgagor. *E.g.*, *Union County, Ill. et al. v. MERSCORP, Inc. et al.*, 920 F. Supp. 2d. 923, 930-31 (S.D. Ill. 2013), *aff'd*, 735 F.3d 730 (7th Cir. 2013).

Third, Debtor argues that 24 C.F.R. § 203.350 bars assignment of the Mortgage. (*E.g.*, Claim Objection ¶ 5.) She is wrong. That regulation merely implements various sections of the National Housing Act, 12 U.S. Code § 1701 *et seq.*, governing the assignment of delinquent Federal Housing Administration-insured mortgages to the United States Department of Housing and Urban Development. It has no application to the matter before the Court.

Fourth, Debtor argues that the assignment of the Mortgage to U.S. Bank violated the Court's order authorizing her loan modification with the then-mortgagee's servicer. (*E.g.*, Claim Objection ¶¶ 3, 5; Debtor's Reply Br., at pp. 2-3.) Once again, she is wrong. This Court is entitled to construe its own order. *See In re Weber*, 25 F.3d 413, 416 (7th Cir. 1994) ("The court's treatment of its own order—which treats the order as meaning exactly what it says—is entitled to

---

[4] Debtor's request is also improper because she neither brought her request by separate motion nor served it on U.S. Bank twenty-one days before filing it. FED. R. BANKR. P. 9011(c)(1)(A); *see also Troost v. Kitchin (In re Kitchin)*, 327 B.R. 337, 361 (Bankr. N.D. Ill. 2005) (noting the 21-day safe harbor provision "serves the laudable purpose of requiring litigants to dispose of frivolous claims without judicial involvement.").

respect."). There is nothing in that loan modification order barring further assignments of the Mortgage. *See generally* Order Authorizing Debtor to Enter into a Loan Modification, *In re Wanda Williams*, No. 16 B 40825 (Aug. 10, 2017, Dkt. No. 34).

However, Debtor correctly argues that U.S. Bank's Claim should be disallowed for the following reason: Contrary to the statements made in U.S. Bank's original Claim, the assignment of the Note and Mortgage to U.S. Bank had not yet occurred. In this argument, she is correct.

A proof of claim is "a written statement setting forth a creditor's claim." FED. R. BANKR. P. 3001(a). A proof of claim is deemed allowed in the absence of an objection, 11 U.S.C. § 502(a), and constitutes prima facie evidence of its own validity if filed in accordance with all applicable Bankruptcy Rules. FED. R. BANKR. P. 3001(f). These principles have the "benefit of alleviating the need for a judicial determination of each and every claim filed in a Chapter 13 case." *In re Duggins*, 263 B.R. 233, 239 (Bankr. C.D. Ill. 2001). Once a party in interest objects to a proof of claim, a claimant must show its entitlement to enforce the contested debt under the same standard of proof that would apply if that claimant was enforcing its rights in a nonbankruptcy forum. *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 19-20 (2000).

A creditor filing a proof of claim must therefore typically "provide some kind of factual context for the origin of [a] debtor's liability to it." *In re Rimsat, Ltd.*, 223 B.R. 345, 348 (Bankr. N.D. Ind. 1998). When a debt on a note has changed hands, 11 U.S.C. § 101(49)(A)(i), a putative assignee of such contested claim *must* offer proof of the underlying transaction evidencing the assignment. FED. R. BANKR. P. 3001(e)(3)-(4). U.S. Bank failed to do this when it filed Claim No. 9. Instead, it falsely stated that it was, at the time of filing, the legal assignee of the Note and Mortgage. That statement was false because the Note and Mortgage were not assigned until July 27, 2020.

As a result, even though U.S. Bank filed a proof of claim within the time period allowed by Bankruptcy Rule 3002(c)(7),[5] that claim was invalid as of the time it was filed because it falsely stated that U.S. Bank was then the current legal holder of the Note and Mortgage. Under the strict time limits imposed by Bankruptcy Rule 3002(c)(7), even though U.S. Bank may now be the lawful holder of the Note and Mortgage, it is too late for it to supplement its proof of claim under Bankruptcy Rule 3002(c)(7). Even the time for Debtor to file a proof of claim on U.S. Bank's behalf under Bankruptcy Rule 3004 expired on August 10, 2020, and Debtor has not sought an extension of time to file it under Bankruptcy Rule 9006(b)(1).[6]

But do these facts invalidate the Note and Mortgage altogether, as Debtor appears to believe? No, for two reasons: First, Debtor already admitted the validity of the Note and Mortgage in her Schedule D as amended and originally filed. Debtor has never attempted to retract that admission. Second, as a long-standing matter of law, a secured claim passes through bankruptcy unaffected even when a secured creditor files no proof of claim at all. *E.g.*, *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (Bankruptcy Code "provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy."). *See also* FED. R. BANKR. P. 3002(a)

---

[5] That rule provides:
> A proof of claim filed by the holder of a claim that is secured by a security interest in the debtor's principal residence is timely filed if:
> (A) the proof of claim, together with the attachments required by Rule 3001(c)(2)(C), is filed not later than 70 days after the order for relief is entered; and
> (B) any attachments required by Rule 3001(c)(1) and (d) are filed as a supplement to the holder's claim not later than 120 days after the order for relief is entered.

FED. R. BANKR. P. 3002(c)(7).

[6] That rule provides:
> The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033, only to the extent and under the conditions stated in those rules. In addition, the court may enlarge the time to file the statement required under Rule 1007(b)(7), and to file schedules and statements in a small business case under §1116(3) of the Code, only to the extent and under the conditions stated in Rule 1007(c).

FED. R. BANKR. P. 9006(b)(3).

("A lien that secures a claim against the debtor is not void due only to the failure of any entity to file a proof of claim."). Indeed, one reason Bankruptcy Rule 3004 permits a debtor to file a proof of claim on a creditor's behalf is to enable her to treat secured claims in her plan even if that creditor fails to file a timely claim.

So, where does that leave Debtor and U.S. Bank? First, the original Claim must be disallowed because it was not filed by or on behalf of the true party in interest, J.P. Morgan.[7] Second, the amended Claim must be disallowed as untimely. *See In re FIRSTPLUS Fin., Inc.*, 248 B.R. 60, 70 (Bankr. N.D. Tex. 2000) (proofs of claim filed by non-creditors cannot be saved by amendment "because an absolute prerequisite to allowance of an amendment is the existence of something capable of being amended."). Third, the lien evidenced by the Note and Mortgage will pass through Debtor's bankruptcy unaffected. Assuming that U.S. Bank can prove to the satisfaction of a state court that it owns the Note and Mortgage, it will be able to assert its lien against the Residence once Debtor's case is complete or the automatic stay has been lifted. The only practical difference to U.S. Bank's position in that situation is that, assuming Debtor receives her discharge, U.S. Bank could not pursue any deficiency judgment against her.

After reviewing this opinion, Debtor may conclude that it would actually be in her best interest to treat the Note and Mortgage in her plan, as she originally proposed. If so, then the only

---

[7] Bankruptcy Rule 9006(b)(1) governs the computation or extension of any time requirement in the Bankruptcy Rules and provides that expired deadlines generally made be extended on motion for "excusable neglect." *See also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (clarifying that excusable neglect includes "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control."). Subsections (b)(2) and (b)(3) of Bankruptcy Rule 9006, however, preclude the Court from enlarging certain deadlines on that ground. One such exclusion is the 70-day bar date set by Bankruptcy Rule 3002(c) for the time in which a mortgage creditor may file a proof of claim in a Chapter 13 case. FED. R. BANKR. P. 9006(b)(3). Imposing this strict deadline "encourages mortgage creditors to quickly file an initial proof of claim with sufficient information regarding the amount of the debt and payment terms to allow the debtor to create a repayment plan." *See In re Field*, 604 B.R. 680, 685 (Bankr. D.S.C. 2019). By contrast, Bankruptcy Rule 3004, which governs the situation in which a Debtor files a proof of claim on a creditor's behalf, is not among the enumerated exclusions. As a result, even though a mortgage creditor in a Chapter 13 may not cure an untimely proof of claim on grounds of excusable neglect, a debtor seeking leave to file on a mortgage creditor's behalf is not so barred.

avenue available to her to accomplish that result would be to file a motion under Bankruptcy Rule 9006(b)(1) for leave to file a proof of claim on U.S. Bank's behalf under Bankruptcy Rules 3004. While she would have to argue that her delay in filing that motion was a result of excusable neglect, that might not be an insurmountable standard for her to meet under the unusual circumstances of this case. On the other hand, she might reasonably conclude that she does not care whether she loses her house in foreclosure, so long as she is not liable for any deficiency judgment that results. If so, then she need do nothing further in this Court than pursue her amended plan, which does not call for payments to U.S. Bank.

      The Court will hold a status hearing at 10:00 AM on November 19, 2020, for Debtor either to file such motion or inform the Court that she will stand on her objection, which the Court hereby sustains.

**ENTERED:**

**DATE:** October 15, 2020

**Donald R. Cassling**
**United States Bankruptcy Judge**